**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————

**No. 14-4756**

————————

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

     v.

PHILLIP JAMAL JONES,

                Defendant - Appellant.

————————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:14-cr-00012-CCE-1)

————————

Submitted: May 28, 2015          Decided: October 2, 2015

————————

Before MOTZ, GREGORY, and HARRIS, Circuit Judges.

————————

Affirmed by unpublished per curiam opinion.

————————

George E. Crump, III, LAW OFFICE OF GEORGE E. CLUMP, III, Rockingham, North Carolina, for Appellant. Ripley Rand, United States Attorney, Clifton T. Barrett, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Phillip Jamal Jones pled guilty to: carrying and using, by brandishing, a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c)(1)(A)(ii) (2012) (Count Two); and bank robbery, 18 U.S.C. § 2113(a) (2012) (Count Three). He was sentenced to 108 months in prison on each count; the sentences run consecutively. Jones appeals, claiming that the district court erred when it denied his motion to withdraw his guilty plea to Count Two and that his sentence is unreasonable. We affirm.

I

Jones' motion to withdraw his guilty plea to Count Two was based on his claims that he was not guilty of the offense and was depressed and not thinking clearly at the time he entered his plea. We conclude that the district court did not abuse its discretion in denying the motion. See United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000) (stating standard of review).

After a district court accepts a guilty plea, but before sentencing, a defendant may withdraw his plea if he "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). The Rule does not afford a defendant an absolute right to withdraw a guilty plea. United States v. Bowman, 348 F.3d 408, 413 (4th Cir. 2003); United States v.

2

Moore, 931 F.2d 245, 248 (4th Cir. 1991). The burden of establishing "a fair and just reason" for plea withdrawal lies with the defendant. Ubakanma, 215 F.3d at 424. A fair and just reason "essentially challenges the fairness" of the Fed. R. Crim. P. 11 proceeding. Id. (internal quotation marks omitted).

We have developed a nonexclusive list of factors for the district court to consider when deciding if the defendant has met his burden:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

Moore, 931 F.2d at 248. "The most important consideration in resolving a motion to withdraw . . . is an evaluation of the Rule 11 colloquy. . . . Accordingly, a properly conducted Rule 11 . . . colloquy leaves a defendant with a very limited basis upon which to have his plea withdrawn." Bowman, 348 F.3d at 414. "If an appropriately conducted Rule 11 proceeding is to serve a meaningful function, on which the criminal justice system can rely, it must be recognized to raise a strong presumption that the plea is final and binding." United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc).

3

With these standards in mind, and having reviewed the transcript of the properly conducted Rule 11 hearing, we conclude that the district court did not abuse its discretion in applying the above factors and finding that Jones failed to show a fair and just reason to withdraw his plea. Further, because Jones did not make this showing, no evidentiary hearing on the motion was required. See Moore, 931 F.2d at 248.

II

We now address Jones' argument that his sentence is unreasonable. At sentencing, the district court first stated that it would depart from the seven-year Guidelines sentence on Count Two pursuant to U.S. Sentencing Guidelines Manual § 5K2.2 (2013) based on significant physical injury to a victim. The court said that it would also depart from the Guidelines range of 63-78 months on Count Three because Jones' criminal history score did not adequately reflect the seriousness of his criminal history and the risk of recidivism.

The court added that, even without the departures, an upward variance on both counts was appropriate. The court found that several 18 U.S.C. § 3553(a) (2012) factors warranted a variance. Among other things, the court noted the violent assault on the victim of the firearm offense, Jones' extensive criminal record, the need to protect the public, and Jones' inability to conform his behavior to society's expectations.

4

We review "any sentence, within or outside of the Guidelines range, a result of a departure or of a variance, . . . for reasonableness pursuant to an abuse of discretion standard." United States v. Diosdado-Star, 630 F.3d 359, 365 (4th Cir. 2011). "When . . . a district court offers two or more independent rationales for its deviation, an appellate court cannot hold the sentence unreasonable if the appellate court finds fault with just one of these rationales." United State v. Evans, 526 F.3d 155, 165 (4th Cir. 2008). Consequently, "the method of deviation from the Guidelines range — whether by a departure or by varying — is irrelevant so long as at least one rationale is justified and reasonable." Diosdado-Star, 630 F.3d at 365-66.

Under these principles, if we are satisfied that the district court's stated rationale for applying a variance sentence is reasonable and justified, we need not address Jones' claim that the district court erroneously departed from the Guidelines range. We find that the district court committed no procedural or substantive error in its decision to vary upward. We note especially that the court sufficiently explained its reasons for both its decision to vary and the extent of the variance.

III

We accordingly affirm. We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the court and argument would not aid the decisional process. The motion for leave to file a pro se supplemental brief is denied.

AFFIRMED